New City Building and Loan Association, a corporation of the State of New Jersey, complainant-appellant,

*v.*

Vincenzo Testa et al., defendants-respondents.

[Submitted May term, 1931. Decided February 1st, 1932.]

*Mr. Mitchell Cahn (Mr. Benjamin Gross,* of counsel), for the complainant-appellant.

*Mr. Alfred E. Modarelli,* for the defendants-respondents.

The opinion of the court was delivered by

Case, J.

The question presented by this appeal is whether a mortgage held by the complainant-appellant is entitled to priority of lien over a mortgage held by the only answering defendant, Antonio Marrano. There were four mortgages on the property of Vincenzo Testa, the fourth of which was that held by Marrano in the amount of $3,000, dated February 2d, 1926, and recorded February 6th, 1926. Testa later procured the mortgage loan from complainant, the proceeds of

which went largely toward paying off the first three mortgages which were then canceled of record. The Marrano mortgage thereupon became, according to the record, a first and paramount lien. Complainant's mortgage was dated April 28th, 1927, and recorded April 30th, 1927. Complainant's bill contained two causes of action; the first an ordinary foreclosure setting up complainant's mortgage as a prior lien, and the second alleging the payment of the first three mortgages from the moneys advanced by the complainant and an agreement by Marrano to subordinate his mortgage to the lien and effect of complainant's mortgage and praying that Marrano be ordered and decreed to surrender his bond and mortgage properly endorsed for cancellation or in the alternative that he be ordered and decreed to subordinate the lien and effect of his mortgage to the lien and effect of complainant's mortgage. Marrano answered and, also counter-claimed for a foreclosure of his mortgage. The court of chancery decreed a dismissal of complainant's bill and granted a foreclosure under the counter-claim, giving priority to Marrano's mortgage.

Complainant appeals and in the petition of appeal gives as grounds that by the decree below (a) Marrano's mortgage was given superiority; (b) the complainant was not subrogated to the rights of the three mortgagees whose mortgages were paid off as aforesaid; (c) complainant's mortgage was not adjudged prior in lien and paramount to Marrano's mortgage, and furthermore, (d) and (e), that the court erred in rulings on evidence. Complainant's brief is devoted exclusively to the proposition that appellant is entitled to be subrogated to the rights of the mortgagees whose mortgages it paid off.

We assume that grounds (d) and (e) are abandoned. We may say, however, that we find no reversible error therein.

Grounds (a) and (c) are essentially the same and depend upon the disposition of (b). This, because there was no agreement by Marrano to subordinate his mortgage to that of the complainant. Far from inducing, or being a party to, complainant's mortgage transaction, Marrano had no knowl-

edge thereof for a period of approximately two years after the mortgage was given and the proceeds were disbursed. Indeed, notwithstanding the due recording of Marrano's mortgage, complainant seems to have been entirely ignorant of its existence, as appears from the following remark and query in its brief: "Certainly the complainant or its attorney has been negligent in not discovering the mortgage held by Marrano; but we may well say, 'what of it?'" Without attempting to answer this question in full we note our inability to understand why, under such a circumstance, the bill should be framed upon the proposition that not only did the complainant know of the Marrano mortgage, but actually bargained with Marrano that it should be postponed. Unless complainant can interpose a pertinent principle of equitable relief, Marrano's mortgage, prior in date of execution and record, is prior in lien.

Complainant now seeks such equitable interposition upon the theory of subrogation. It asks that it be subrogated to the rights of the three mortgagees whose mortgages, as it alleges, were paid off from its funds. But that was not the theory upon which the cause was tried; neither was the suggestion thereof contained either in the allegations or in the prayer of the bill; nor was there any request to amend. The bill specifically alleged that "at the time for payment of said prior liens the said Antonio Marrano agreed to subordinate his said mortgage to the lien and effect of complainant's mortgage," a charge that was utterly without support in the proofs. The prayer was that Marrano's mortgage "may be decreed to be canceled of record, and shall be no longer a lien upon the premises therein described, against the said complainant, or in the alternative that the said mortgage may be decreed to be subordinate in lien and effect to the lien and effect of complainant's mortgage." The case set up was upon a contract which complainant asked to have enforced and was not, either in allegation or prayer, directed toward the character of relief now sought. That the theory upon which the cause was pleaded is that upon which it was tried is evidenced not only by the testimony but also by the asser-

tion in open court by complainant's solicitor of record after the case was closed. The colloquy between court and counsel was as follows:

"The Court—Anything else, now? There hasn't been a bit of proof about the other mortgages except a lot of talk.

"Mr. Cahn—The second mortgagee has not answered the bill of complaint.

"The Court—I have not the file before me but if my recollection serves me from the copy I read the other day you are asking to have subordinated three or four certain mortgages.

"Mr. Cahn—No, sir. Our prayer is to be declared prior to the lien of the Marrano mortgage to the extent of the money we advanced.

"The Court—That's your claim, is it?

"Mr. Cahn—Yes, sir."

The complainant now seeks to present a cause of action of which the defendant had no notice before or during the trial and which he has had no opportunity to meet with proof. Moreover, the mere subrogation of the complainant to the rights of the mortgagees under the three canceled mortgages would, without more, be futile; for as things stand, there are no such rights. These mortgages are paid, receipted and canceled of record. To give them substance they would need to be reinstated, a necessity which complainant has not contemplated even in its brief.

These mortgages are not in evidence and there is no proof, save the bare statement of the face amounts and the sums paid to or on behalf of their owners, of their terms or contents. It is not shown that the rights of the holders of those instruments were such that the complainant should succeed to them. Complainant's mortgage is in the sum of $10,000 and that amount was paid to its attorney for disbursement; but the sum is not traced in full to the payment of the earlier mortgages. Mingled with it was the further sum of $3,000 from one Brauer, another lender, and from the joint fund more than twenty-two hundred dollars was spent for other purposes. The proof of the amounts actually due on the three earlier mortgages at the time of their payment,

adequate, possibly, as against the defendant Testa, owner of the property and party to the transaction, is not of a character to have full probative force against Marrano. So that, were we to assume that the pleadings were sufficient, the proofs would not sustain the remedy now asked for.

Complainant is not entitled to a relief that is not comprehended within either the allegations or the prayer of the bill or the facts proven at the trial. We find that the case was heard and closed below on the issue as framed; that there was no application to amend; that the relief sought under appellant's ground of appeal (b) is not within the purview of the pleadings or its proofs; that the decree was just and that no sufficient reason for reversal of modification has been shown.

The decree below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, CASE, DALY, VAN BUSKIRK, HETFIELD, DEAR, JJ. 9.

*For reversal*—LLOYD, BODINE, DONGES, KAYS, WELLS, KERNEY, JJ. 6.